ACCEPTED
06-14-00204-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/19/2015 1:43:02 PM
DEBBIE AUTREY
CLERK

## NO. 06-14-00204-CR

\* \* \* \* \* \* \* \* \* \* \* \* \*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/19/2015 1:43:02 PM

DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

TEXARKANA TEXAS


\* \* \* \* \* \* \* \* \* \*


CLIFFORD BERNARD NELSON,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

\* \* \* \* \* \* \* \* \* \*


Appealed from Gregg County Court at Law No. 1
Trial Court No. 2013-1871

_____

### BRIEF OF APPELLANT
_____


EBB B. MOBLEY
State Bar # 14238000
Attorney at Law
422 North Center St.-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com


ATTORNEY FOR APPELLANT

## NO.06-14-00204-CR


CLIFFORD BERNARD NELSON,
                                        Appellant

VS.

THE STATE OF TEXAS,
                                        Appellee

_____

## IDENTITY OF PARTIES AND COUNSEL
Pursuant to T.R.A.P. 38.1(a)
_____


| | | |
|---|---|---|
| Appellant: | CLIFFORD BERNARD NELSON | Gregg County Jail |
| Appellant's trial counsel: | CLEMENT DUNN Attorney at Law | P.O. Box 562 Longview, Texas 75606 |
| State's trial counsel: | PAMELA IBEH Assistant District Attorney | 101 East Methvin, Ste. 303 Longview, Texas 75601 |
| Trial Judge: | HON. REBECCA SIMPSON Gregg County Court at Law No. 1 | 101 East Methvin, Ste. 416 Longview, Texas 75601 |
| Appellant's counsel on appeal: | EBB B. MOBLEY Attorney at law | P. O. Box 2309 Longview, TX   75606 |
| State's counsel on appeal: | ZAN COLSON BROWN Assistant District Attorney | 101 East Methvin, Ste. 303 Longview, Texas 75601 |

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Did the trial court err in allowing the State to impeach Erica Minifield with her prior inconsistent statement?

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

ISSUE NUMBER TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Is there sufficient evidence to support the conviction in this case?

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9-10

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

**Cases**

*Bays v. State,* No. 06-10-0045-CR, 2011 Tex.App. LEXIS 95 affirmed at
　　396 S.W.3d 580 (Tex.Crim.App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . .9

*Burnett v. State,* 88 S.W.3d 633, 637-38 (Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . 10

*Carter v. State,* 150 S.W.3d 230, 241 n. 13 (Tex.App. - Texarkana 2004, no pet.) . . 8

*Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App. 2007) . . . . . . . . . . . . . . . . . .9

*Crawford v. Washington,* 541 U.S. 361 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Gipson v. State,* 844 S.W.2d 738 (Tex.Crim.app. 1992) . . . . . . . . . . . . . . . . . . . . . . .8

*Hartsfield v. State,* 305 S.W.3d 859, 863 (Tex.App. - Texarkana 2010, pet. ref'd) . . .9

*Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007) . . . . . . . . . . . . . . . . . . . . . 9

*Hughes v. State,* 4 S.W.3d 1 (Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Jackson v. Virginia,* 443 U.S. 307, 319 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000) . . . . . . . . . . . . . . . .10

*Mumphrey v. State,* 155 S.W.3d 651, 657 n. 1 (Tex.App. - Texarkana 2005,
　　pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Winfried Warren Thomas v. State,* No. 06-13-00209-CR, slip op. April 25, 2014,
　　2014 Tex.App. LEXIS 4512 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9-10

**Rules**

Texas Disciplinary Rule of Professional Conduct 3.09 . . . . . . . . . . . . . . . . . . . . . . . .7

Texas Rule of Appellate Procedure 44.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Texas Rule of Evidence 607 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Texas Rule of Evidence 801(e)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Texas Rule of Evidence 803 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Texas Rule of Evidence 803(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..6

Texas Rule of Evidence 803(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF THE CASE

This is an appeal from a conviction for the misdemeanor offense of assault causing bodily injury-family violence. CLIFFORD BERNARD NELSON was tried and convicted after a bench trial before the Honorable Rebecca Simpson presiding in the Gregg County Court at Law No. 1. Appellant was sentenced by the judge to 350 days in jail and a $500.00 fine. CR-68.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and CLIFFORD BERNARD NELSON will be referred to as "Clifford" or "Appellant." Erica Minifield Akin will be referred to as "Erica".

## ISSUES  PRESENTED

### ISSUE NUMBER ONE

Did the trial court err in allowing the State to impeach Erica Minifield with her prior inconsistent statement?

### ISSUE NUMBER TWO

Is there sufficient evidence to support the conviction in this case?

# STATEMENT OF FACTS

On April 28, 2013, Erica Minifield was taken by ambulance to Longview Regional Hospital at the insistence of Officer Trevor Yates of the Longview Police Department.  2 RR 12.  Dr. Harold Taylor observed a laceration on Erica's scalp, multiple contusions and superficial lacerations to the left side of her face, her right arm and elbow, and to her right leg.  2 RR 32.

Erica told Dr. Taylor that Clifford Nelson hit her with a stick.  2 RR 33.  Erica was evaluated, examined, her wounds were cleaned and dressed, and her frontal scalp laceration was stapled.  2 RR 34.  Erica gave an audio/video recorded statement implicating Clifford at the emergency room at the hospital.  2 RR 13-16, 7 RR SX1.

At trial Erica testified that Clifford is the father of her 18 and 19 year old children,  and they are still together.  Erica stated nothing happened to her on April 28, 2013.  3 RR 39.   On that day she did go to Sixteenth Street Park with Rhonda Lilly and Chad Daniels.  2 RR 40.  Erica identified photographs of the injuries she had suffered and had been treated for at Longview Regional Hospital.  2 RR 46.

But Erica was not sure who injured her.  2 RR 45.  She did not recall telling anyone who hit her.  2 RR 45.  After reviewing the State's video of her statement to officers at the Emergency Room she still did not remember who hit her.  2 RR 46.

On cross-examination Erica repeatedly denied that Clifford injured her.  After being warned by the judge about the perils of perjury at the request of the State, Erica still testified that Clifford Nelson did not inflict the injuries reflected in the photographs admitted as State's Exhibits 2 a,b,c,and d.  2 RR 46-54.

Did the trial court err in allowing the State to impeach Erica Minifield with her prior inconsistent statement?

## SUMMARY OF THE ARGUMENT

When a witness  is impeached with a prior inconsistent statement, that statement is being offered not for its truth but to show that the witness lacks credibility.  Under Texas Rule of Evidence 801(e)(1)(A), a prior inconsistent statement "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding except a grand jury proceeding in a criminal case, or in a deposition" may be offered for the truth of the matter asserted in that statement if the declarant testifies at the trial or hearing and is subject to cross-examination about the statement. Erica's prior recorded hospital interview was not under oath, and her statement is not substantive evidence.

## ARGUMENT  AND AUTHORITIES

## RULES OF EVIDENCE AT ISSUE

Texas Rule of Evidence 803 provides that certain statements are not excluded by the heresay rule even though the declarant is available as a witness.

TRE 803(3) provides for possible admissibility of  a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

TRE 803(4) provides for possible admissibility of statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the

cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

## ANALYSIS

The State's first witness at trial was Longview Police Officer Trevor Yates. 2 RR 10. Minutes into his testimony the State sought to enter into evidence a "family violence video" of a statement by Erica at the emergency room at Longview Regional Hospital. 2 RR 13-14. Immediate objection by the defendant's counsel - 2 RR 16 - was overruled by the trial judge. 2 RR 16. The State specifically stated that the purpose of admitting the video was impeachment of Erica, who had not yet testified. The State offered no specific response to defense objection that the video was hearsay and its admission would violate the defendant's right to confront Erica.

The Court watched the video at 2 RR 27, and remarked cryptically that the proceeding was a bench trial. 2 RR 28.

The credibility of a witness may be attacked by any party, including the party calling the witness TRE 607. But the State's right to impeach its own complaining witness does not extend to employment of such impeachment as a subterfuge to get outright inadmissable hearsay evidence before the fact finder. See *Hughes v. State,* 4 S.W.3d 1 (Tex.Crim.App. 1999). The State effectively threw a "skunk in the jury box" before its only eyewitness ever testified to any facts leading to proof of an offense. The State made no claim of surprise, and even anticipated recantation by Erica. 2 RR 24. This trial tactic by the State is clearly questionable, and subjects a reluctant victim to intimidation of criminal prosecution if she does not testify to suit the State. The State should have no interest in whether Clifford Bernard Nelson is prosecuted or convicted or aquitted. Indeed the State is charged to see that justice is done, and not simply be an advocate. Texas Disciplinary Rule of Professional Conduct 3.09.

# HARMLESS ERROR

After *Gipson v. State,* 844 S.W.2d 738 (Tex.Crim.App. 1992), an appellant is entitled to have his claim of error resting on an action by a trial judge in a bench trial treated the same as such a claim in an appeal from a conviction in a jury trial. The appellate court must consider on the merits whether the trial court erred in admitting the evidence. The same analysis is required as used in appeals from jury trials. If error is found, the appellate court should consider whether the error is harmless under Rule of Appellate Procedure 44.2(a).

TRAP 44.2(a) provides that if the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

In *Crawford v. Washington,* 541 U.S. 361 (2004) the United States Supreme Court held that a witness's out-of-court testimonial statement to law enforcement officials is barred by the Confrontation Clause - even if the trial judge found it had particularized guarantees of trustworthiness - unless the defendant had a prior opportunity to cross examine the witness and the witness is unavailable to testify at trial. This court on at least two occasions has held that *Crawford* is not applicable if the witness testifies at trial. See *Carter v. State,* 150 S.W.3d 230, 241 n. 13 (Tex.App. - Texarkana 2004, no pet.) and *Mumphrey v. State*, 155 S.W.3d 651, 657, n. 1 (Tex.App. - Texarkana 2005, pet. ref'd).

At the point of offer, objection to and receipt into evidence of the emergency room video, whether Erica would testify and what she would say was a matter of speculation, if not anticipation. Admission of the video was error.

## ISSUE NUMBER TWO

_____ Is there sufficient evidence to support the conviction in this case?

## SUMMARY OF THE ARGUMENT

Rigorous legal sufficiency review focuses on the quality of the evidence presented. The evidence in this case is in conflict as to who inflicted the injuries to Erica. If no account is given to Erica's recorded statement, there is no overriding evidence of guilt of Clifford of the assault as charged in the information.

## ARGUMENT AND AUTHORITIES

In evaluating the legal sufficiency of the charged offense, all the evidence is reviewed in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Hartsfield v. State,* 305 S.W.3d 859, 863 (Tex.App. - Texarkana 2010, pet. ref'd). A rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks,* 323 S.W.3d at 917 (Cochran, J., concurring). Legal sufficiency is examined under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007) (citing *Jackson,* 443 U.S. at 318-19); *Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App. 2007).

## ANALYSIS

There is no suggestion in this case that Erica was not injured. The only question is who inflicted her injuries. At 3 RR 26 the trial court alluded to a prior case tried in her court and reviewed by this court: *Winfred Warren Thomas v. State,*

No. 06-13-00209-CR, slip op. April 25, 2014, 2014 Tex.App. LEXIS 4512. In *Thomas* the court held that the fact finder (a jury) had the duty of determining the true state of affairs, and evidently believed that the complaining witness told the truth at the time of her recorded interview although she recanted her prior statement at trial.

The evidence in this case is in conflict. The fact finder - the trial judge - is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony, and reconciliation of conflicts in the evidence is within the exclusive province of the trial judge. *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Some testimony may be believed and other testimony disbelieved.

This is a classic scenario - were you telling the truth then, or are you telling the truth now? The trial judge had the duty of determining which was the true state of affairs and evidently believed that Erica was telling the truth at the time of her recorded interview. Without the recorded hospital interview, the State simply had no evidence of who committed an assault on Eric Minifield, who can hardly be accurately described as a complaining witness at trial because she would not incriminate Clifford Bernard Nelson in any way.

The erroneous admission of Erica's emergency room video had a substantial influence on the outcome of the proceeding. See *Burnett v. State,* 88 S.W.3d 633, 637-38 (Tex.Crim.App. 2002). If one takes no account of the emergency room video, there is no evidence of guilt of the offense against Erica. See *Bays v. State,* No. 06-10-0045-CR, 2011 Tex.App. LEXIS 95 affirmed at 396 S.W.3d 580 (Tex.Crim.App. 2013).

## PRAYER

Appellant prays that his conviction be reversed and the case remanded for a new trial.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center St - Lower Level.
P. O. Box 2309
Longview, TX   75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com


 /s/ Ebb B. Mobley
**EBB B. MOBLEY**
State Bar # 14238000

ATTORNEY FOR APPELLANT


## CERTIFICATE OF COMPLIANCE

I certify that this brief contains <u>2025</u>  words according to the computer program used to prepare the document.


 /s/ Ebb B. Mobley
**EBB B. MOBLEY**


## CERTIFICATE OF SERVICE

A copy of this brief was provided to Zan Colson Brown, Gregg County Assistant District Attorney, 101 East Methvin, Suite 303, Longview, Texas 75601 on the 19th day of March, 2015, by e-file.


 /s/ Ebb B. Mobley
**EBB B. MOBLEY**